IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FELICIANO NIEVES,                 :
                                  :
          Petitioner              :
                                  :
     v.                           :   CIVIL NO. 3:CV-10-2308
                                  :                          **FILED**
WILLIAM A. SCISM,                 :   (Judge Conaboy)        **SCRANTON**
                                  :
          Respondent              :                          JUL 3 1 2012

---

**MEMORANDUM**
**Background**

PER_____ _____
DEPUTY CLERK

Feliciano Nieves, an inmate presently confined at the
Allenwood Low Security Correctional Institution, White Deer,
Pennsylvania (LSCI-Allenwood), filed this petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent
is LSCI-Allenwood Warden William Scism. Service of the petition
was previously ordered.

Petitioner claims entitlement to federal habeas corpus
relief on the basis that the Bureau of Prisons (BOP) has
incorrectly calculated his federal sentence. It is undisputed
that Nieves exhausted his available administrative remedies
prior to his initiation of this action. See Doc. 9, p. 2.

Nieves was initially arrested in the State of New York on
March 3, 1995 and charged with drug related offenses. He was
released on bail on March 16, 1995. On April 8, 1995,

1

Petitioner was arrested in New York on new drug related state charges.  Petitioner was released on June 2, 1985.  He was arrested for a third New York state drug charge on September 14, 1995 and remained confined.

Petitioner was subsequently convicted of those state crimes on January 11,1996 and sentenced to an aggregate six (6) to twelve (12) year term of incarceration.

On May 12, 1997, Petitioner was taken into custody by federal officials pursuant to a writ of habeas corpus ad prosequendum to face charges of conspiracy to possess with intent to deliver cocaine and heroin in the United States District Court for the District of Puerto Rico.  Following a trial, Nieves was convicted of those charges and was sentenced to a 360 month term of imprisonment on April 15, 2002.  The sentence was ordered to be served concurrently with the previously imposed New York state sentences.  On May 21, 2002, Petitioner was returned to state custody.  Following completion of his state sentences, Petitioner was transferred back into federal custody on September 11, 2003.

In his pending action, Nieves asserts that a seven (7) month period of time from September 11, 2001 (the date he first became eligible for parole in New York) to April 15, 2002 (the date his federal sentence was imposed) should be credited

2

towards service of his ongoing federal sentence. <u>See</u> Doc. 1, p. 5. It also appears that Petitioner is contending that it was the intention of the federal sentencing court that his federal sentence was to be fully and retroactively concurrent since his federal conviction stemmed from the same plan or scheme as his New York state convictions. <u>See</u> <u>id</u>. at p. 6. Respondent counters that since the BOP has properly computed Petitioner's federal sentence there is no basis for federal habeas corpus relief.

## **Discussion**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in <u>Suggs v. Bureau of Prisons</u>, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Based upon the nature of Nieves' pending claims that his federal criminal sentence has not been properly calculated, this

matter is properly brought under § 2241.  Second, as noted
earlier there is no contention by Respondent that Petitioner has
not exhausted his administrative remedies or that his action was
untimely filed.  Accordingly, the merits of Petitioner's claims
will be addressed.

Respondent has submitted a declaration under penalty of
perjury by Attorney Advisor Michael Romano and accompanying BOP
records.  According to those submissions, the BOP prepared a
Sentence Computation in Nieves' case which listed his federal
sentence as commencing on April 15, 2002 (the date his federal
sentence was imposed.  See Doc. 9-1, ¶ 5.

Respondent notes that under United States v. Willis, 438
F.2d 923 (5th Cir. 1971),[1] Petitioner was given credit against
his federal sentence for the following periods of state custody:
(1) March 3, 1995 through March 16, 1995 (the date of his
initial New York arrest to the date of his release on bail); (2)
April 8, 2005[2]-June 2, 2005 (the date of his second New York
arrest to his subsequent release on bail); (3) September 14,
1995-January 10, 1996 (from his third New York arrest to the day

---

[1]  Under Willis, if the federal expiration full term date
exceeds the expiration full term date of a concurrent state
sentence time spent in custody prior to the first state sentence
being imposed may be credited against service of the federal
sentence.

[2]  There is no indication that Petitioner was confined between
March 16, 1995 and April 8, 2005.

before his state sentences were imposed.[3]

Generally speaking, a federal sentence does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). 18 U.S.C. § 3585(a) provides:

> (a)  Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Accordingly, the BOP acted properly in determining that Petitioner's federal sentence commenced on on April 15, 2002 (the date of his federal sentencing).

It has also been recognized that credit against a federal sentence attaches when "a federal detainer is the exclusive reason for an inmate's pretrial confinement." United States v. Blankenship, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original); Boniface v. P.M. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988). Similarly, a prisoner is entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum

---

[3]  There is some discrepancy in the record as to whether Petitioner was arrested on September 8, 1995 or September 14, 1995.

when "the first sovereign relinquishes jurisdiction over the prisoner." <u>Rios v. Wiley</u>, 201 F.3d 257, 274 (3d Cir. 2000).

However, federal prisoners are not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was **not** credited towards their state sentence. <u>United States v. Grimes</u>, 641 F.2d 96, 99 (3d Cir. 1981); <u>see also</u> <u>Doyle v. Department of Justice</u>, 1995 WL 412406 *7 (E.D. Pa. July 7, 1995).

18 U.S.C. § 3585(b) provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence.[4]  § 3585(b) generally prohibits an award of

---

[4] § 3585.  Calculation of a term of imprisonment

(b)  Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

(1)  as a result of the offense for which the sentence was imposed; or

(2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

double credit, in other words, a habeas petitioner may not receive credit on a federal sentence for time that has already been credited against a state sentence.  See Chambers v. Holland, 920 F. Supp. 618, 623 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

Of paramount concern to this Court is to ensure that Nieves is given proper sentence credit for every day of his confinement.  Based upon a review of the record, this Court concurs that the BOP acted correctly in awarding Petitioner credit against his federal sentence for three (3) periods of state custody which were served prior to the imposition of his New York state sentences: (1) March 3, 1995 through March 16, 1995 (the date of his initial New York arrest to the date of his release on bail); (2) April 8, 2005-June 2, 2005 (the date of his second New York arrest to his subsequent release on bail); (3) September 14, 1995-January 10, 1996 (from his third New York arrest to the day before his state sentences were imposed.

However, there is a discrepancy in the record as to whether Petitioner was arrested on September 8, 1995 or September 14, 1995.  Nieves' Petition states that he was arrested on September 14, 1995.  See Doc. 1, p. 3.  Moreover, records submitted by

7

both Petitioner and Respondent[5] similarly provide that the arrest date was September 14, 1995. However, a supporting declaration by USP-Lewisburg Attorney Advisor Michael Romano asserts that Petitioner was rearrested on September 8, 1995 by New York City authorities and thereafter remained in custody until his January 11, 1996 sentencing. See Doc. 9-1, Exhibit 1, ¶ 3.

If September 8, 1995 is the correct arrest date, under the reasoning set forth by Respondent it would be unclear as to why Petitioner was not granted credit for the period of September 8, 1995-September 14, 1995 which was served prior to the imposition of his New York state sentences. Since Respondent acknowledges that Petitioner is entitled to credit "for the dates when Nieves was detained by state authorities during the prosecution of state charges" it would appears that he would be entitled to credit against his federal sentence for said period. Doc. 9, pp.4-5.

While this Court will accept, Petitioner's admission (Doc. 1, p. 3) and other documents showing that the correct arrest date was September 14, 1995, if Nieves can establish that he was in fact arrested on September 8, 1995, he may file a he may file a motion for reconsideration within fourteen (14) days of the

_____

    [5]  See Docs. 19-1, Exhibit 1-F, p. 21.

date of this Memorandum and Order.

With respect to Petitioner's argument that he be afforded
federal sentence credit for a seven (7) month period of time
from September 11, 2001, the date he initially became eligible
for New York State parole to April 15, 2002, the undisputed
record establishes that said period was credited towards service
of New York state sentences, hence, there is no basis for relief
under the standards announced in Grimes and Doyle.

In regards to Petitioner's argument that it was the
intention of the District of Puerto Rico that the sentence it
imposed be fully and retroactively concurrent with the New York
state sentences Nieves was already serving, said argument lacks
merit.  As previously discussed, a federal sentence generally
commences on the date it is imposed.  More importantly, as noted
by the August 13, 2008 decision by the United States Court of
Appeals for the First Circuit which denied an appeal by
Petitioner of the denial of his motion to correct sentence,
"[t]here is no support in the record for finding that the
sentencing court intended to adjust the 360 month sentence
imposed on account of time served on the undischarged state
sentence."  Doc. 9-1, p. 57.  Accordingly, since both the
sentencing court and the First circuit Court of Appeals have
previously rejected this same argument by Nieves, this Court

9

agrees with Respondent's conclusion that there is no discernible basis upon which it could be concluded that it was the intention of the federal sentencing court to impose a sentence which was retroactively concurrent to Nieves' previously imposed New York state sentences. See Doc. 9, p.11.

In conclusion the petition for writ of habeas corpus will be denied.[6] An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATE: JULY 31st, 2012

---

[6] In the event Petitioner can present facts showing that he is entitled to, but has not received federal sentence credit for any time spent imprisoned, including the period of September 8, 1995-September 14, 1995, he may file a reconsideration motion within fourteen (14) days of the date of this Memorandum and Order.